# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMIE LEWIS BROWN | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv494 |
| RUSK COUNTY | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Jimmie Lewis Brown, an inmate confined at the Wynne Unit in Huntsville, Texas, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Rusk County.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges.

## Analysis

Plaintiff claims the defendant Rusk County violated his Fourth Amendment rights based on a malicious arrest with no probable cause. Plaintiff claims the arrest impacted his parole status and he was sentenced to a term of 50 years' imprisonment.

Plaintiff also claims violations of the Fifth, Sixth, Eighth and Fourteenth Amendments. Plaintiff complains of violations of the Due Process Clause, the Double Jeopardy Clause, and his right against self-incrimination, as well as unlawful imprisonment and cruel and unusual punishment.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The claims which form the basis of plaintiff's complaint occurred in Rusk County, Texas. Accordingly, plaintiff's claims arose in Rusk County, Texas. In addition, the defendant in this action is located in Rusk County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Rusk County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Rusk County is located in the Tyler Division of the United States District Court for the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Rusk County is in the Eastern District of Texas, it is located in the Tyler Division of the district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 4th day of November, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE